**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JEREMY DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:07-cv-1581-DFH-WTL |
| | ) | |
| WALTER E. MARTIN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

Jeremy Davis ("Davis"), an Indiana prisoner, was disciplined in a proceeding identified as No. IYC 07-09-0080 after being charged with and found guilty of violating rules at the Plainfield Correctional Facility prohibiting the use or possession of more than one cigarette. This finding was based on evidence that during a search on September 12, 2007, of the room assigned to Davis and another inmate a quantity of tobacco was found under the mattress of the top bunk. Davis, at the time, was assigned to the bottom bunk.

Contending that the proceeding was constitutionally infirm, Davis now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). A federal court may issue a writ of habeas corpus pursuant to § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Davis was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Davis received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Davis was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of

its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Davis' claim otherwise is unavailing here.[1] His claim is that there was insufficient evidence to support the conduct board's finding.

The evidence was sufficient, consisting of the account of the incident set forth in the conduct report. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). A conduct report alone may suffice as "some evidence." *Id. See also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and supports the conduct board's determination that (1) a search of the room revealed the presence of tobacco, (2) Davis was assigned to the lower bunk in that room, and (3) Davis thereby possessed the contraband. Under the doctrine of constructive possession, Davis is responsible for contraband found in his cell. *White v. Kane,* 860 F.Supp. 1075, 1079 (E.D. Pa. 1994). The information recited in the conduct report is constitutionally sufficient to support the conduct board's decision. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [hearing officer's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Davis to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

_David F Hamilton_
_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:     4/9/2008
     _____

---

[1] Davis has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."